UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LE GROS ENTERPRISES, LLC,

      Plaintiff,

  v.                                    Case No. 16-C-0568

WISCONSIN HOUSING AND ECONOMIC
DEVELOPMENT AUTHORITY,
JULIAN CASTRO,
Secretary of the United States Department of
Housing and Urban Development, and
INTEGRATED COMMUNITY
SOLUTIONS, INC.,

      Defendants.

## DECISION AND ORDER

      Plaintiff Le Gros Enterprises, LLC (Le Gros) seeks a money judgment from the United States Department of Housing and Urban Development (HUD) for breach of Housing Assistance Payments (HAP) contracts that Le Gros entered into with the Wisconsin Housing and Economic Development Authority (WHEDA). The HAP contracts cover housing units that Le Gros rented to low-income families pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f (Section 8). HUD has moved for dismissal of Le Gros' breach of contract claim pursuant to Rule 12(b)(6) on the grounds that Le Gros lacks privity of contract with HUD and that HUD did not waive its sovereign immunity. HUD also claims Le Gros failed to serve the Secretary of HUD in accordance with Federal Rule of Civil Procedure 4(i). In response, Le Gros filed a motion for additional time under Federal Rule of Civil Procedure 4(i)(4). For the reasons that follow, Le Gro's motion will be denied and HUD's motion will be granted.

**BACKGROUND**

Le Gros owns two multifamily housing rental projects in Green Bay, Wisconsin and asserts a breach of contract claim related to its participation in a rent subsidy program governed by Section 8. (Compl. ¶ 4, ECF No. 1.) The purpose of Section 8 is to assist low-income families in obtaining housing. (*Id.* ¶ 8.) Section 8 achieves this goal by providing rent subsidies on behalf of low-income families living in rental housing owned by non-public persons and entities. (*Id.* ¶ 9.) HUD implemented the Moderate Rehabilitation Program to provide annual contributions to public housing authorities (PHA), such as WHEDA, in accordance with an Annual Contributions Contract (ACC) between HUD and the PHA. (*Id.* ¶ 11.) Under the ACC, HUD provides annual contributions to the PHA that enables the PHA to make monthly housing assistance payments to a property owner pursuant to a HAP contract. (*Id.* ¶ 12.)

Le Gros alleges it entered into a HAP contract with WHEDA in order to receive federal rental subsidies for two properties: the Baybrooke Estates and the University Apartments. (*Id.* ¶ 17.) Le Gros alleges it did not receive rental payments for the Baybrooke Estates from November 2014 through July 2015 and the University Apartments for June 2015. (*Id.* ¶¶ 43, 50, 60.) Accordingly, Le Gros seeks a money judgment for rent and vacancy compensation for the Baybrooke Estates and the University Apartments. (*Id.* at 15.)

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While a plaintiff is not required to plead detailed factual allegations, it must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Poliemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004). The court should also consider any documents, such as contracts, that are attached to or referenced in the complaint and that form the basis of the claim asserted. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993).

**ANALYSIS**

HUD argues and Le Gro concedes that Le Gro failed to properly serve the Secretary in accordance with Rule 4(i) of the Federal Rules of Civil Procedure within the 90 days of filing its complaint allowed by Rule 4(m). Rule 4(i) requires service in triplicate on the United States Attorney for the district in which the action is brought, the Attorney General, and the Secretary of the Agency being sued. Fed. R. Civ. P. 4(i)(2). Le Gro properly served the U.S. Attorney and the Attorney General, but failed to serve the Secretary of the Department of Housing and Urban Development. It has now moved for an extension of time in which to complete service on the Secretary. Normally, Le Gro's motion would be granted as a matter of course. Rule 4(i) provides that the court "must allow a party a reasonable time to cure its failure to . . . serve a person required

3

to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(4)(A). But since the complaint fails to state a claim against HUD, granting Le Gro's motion for an extension of time would be futile. For this reason, Le Gro's motion will be denied.

HUD argues that Le Gros' complaint fails to state a claim under Rule 12(b)(6) because there is no privity of contract between Le Gros and HUD. To sue the United States or its agencies in federal court, a plaintiff must "identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives sovereign immunity of the United States to the cause of action." *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) (per curiam) (citing *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002); *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997)). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003) (citation omitted). The Government acknowledges a limited waiver of sovereign immunity in 42 U.S.C. § 1404a, but claims that does not apply here because there is no contract between Le Gros and HUD.

HUD asserts that Le Gros has not pled any factual allegations supporting the existence of a contract between Le Gros and HUD. Indeed, it is clear from the contracts attached to Le Gros' complaint that its only contracts are with WHEDA and/or Integrated Community Solutions, Inc. (ICS). HUD and WHEDA entered into an ACC under which HUD provides annual contributions to WHEDA. (Compl. ¶ 11, ECF No. 1.) The annual contributions enable WHEDA to make monthly housing assistance payments to a property owner in accordance with a HAP contract

4

entered into between WHEDA and the owner. (*Id.* ¶ 12.) There is no allegation that HUD breached its ACC with WHEDA.

The HAP contract at issue in this case names WHEDA and Ziegler-Limbach of Green Bay Limited Partnership, Le Gros' predecessor in contract, as the parties and signatories. (Compl. Ex. 1, ECF No. 1.) HUD is neither a named party nor signatory of the HAP contract. Thus, by its plain language, HUD is not a party to the HAP contract. HUD argues that the two-tier contractual structure—the first being the ACC between HUD and WHEDA and the second being the HAP contract between WHEDA and Le Gros—does not create privity of contract between HUD and Le Gros.

Nonetheless, Le Gros claims that it has privity of contract with HUD because WHEDA signed the HAP contract as HUD's agent. An agency relationship exists when "one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents to so act." Restatement (Third) of Agency § 1.01; *see also Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014). Although Le Gros did not plead the existence of an agency relationship in its complaint, it argues in its response brief that WHEDA is HUD's agent in administering the Section 8 housing program as it relates to Le Gros' properties. (Resp. Br. in Opp'n to HUD's Mot. to Dismiss at 2–4, ECF No. 26.) As such, Le Gros contends HUD is responsible for damages caused by the breach of contract.

While the Seventh Circuit has not addressed this issue, the Court of Appeals for the Federal Circuit concluded in *Katz v. Cisneros*, 16 F.3d 1204 (Fed. Cir. 1994), that HUD is not in privity of contract with a property owner simply because the owner entered into a HAP contract with a PHA.

5

The court reasoned that a "grant of benefits and subsequent oversight by HUD is insufficient to establish a contractual obligation between [a property owner] and the government," even if the PHA is merely acting "as a conduit for federal funds." *Id.* at 1210 (citing *Marshall N. Dana Constr., Inc. v. United States*, 229 Ct. Cl. 862 (1982)). Moreover, case law overwhelmingly holds that PHAs do not act as HUD's agents in administering Section 8. *See, e.g.*, *New Era Constr. v. United States*, 890 F.2d 1152, 1155 (Fed. Cir. 1989) (citing *Hous. Corp. of Am. v. United States*, 468 F.2d 922, 924 (1972) (HUD's funding and approval of PHA projects does not make the PHA an agent of HUD.)); *Garreaux v. United States*, 77 Fed. Cl. 726, 732 (2007) ("The Court of Appeals for the Federal Circuit and its predecessor court have made clear that when the federal government subsidizes local government projects, the federal government does not make itself a party to contracts relating to the projects, nor does the local government become an agent of the federal government."); *Greenleaf Ltd. P'ship v. Ill. Hous. Dev. Auth.*, 08 C 2480, 2015 WL 5307511, *6 (N.D. Ill. Sept. 9, 2015) (finding that PHAs do not act as agents of HUD in administering the Section 8 program); *Cathedral Square Partners Ltd. P'ship v. S.D. Hous. Dev. Auth.*, 966 F. Supp. 2d 862, 874 (D.S.D. 2013) (finding that an agency relationship did not exist because the PHA was not under federal control in exercising many of its powers and was an independent public instrumentality exercising essential public functions).

Certainly, HUD plays a role in administering Section 8 programs. For instance, the owner must allow the PHA and HUD to access the premises and the owner's records as well as provide any information pertinent to the HAP contract to both the PHA and HUD. (Compl. Ex. 1 at 10, ECF No. 1.) But HUD's administrative role alone is insufficient to establish an agency relationship

6

between HUD and WHEDA. It follows that WHEDA was not acting as HUD's agent in administering the HAP contract with Le Gros.

Le Gros argues in the alternative that even if it lacks privity of contract with HUD through an agency relationship, it is a third party beneficiary of the ACC between HUD and WHEDA. But this argument is a non-starter since there is no allegation that HUD breached the ACC with WHEDA. The only breach alleged in the complaint is of the HAP contract between Le Gros and WHEDA and/or ICS. Not only does Le Gros fail to allege any breach of the ACC, it fails to allege any way that such a breach would have impacted it. I therefore conclude that Le Gros did not adequately plead that it is a third party beneficiary.

## CONCLUSION

Accordingly, HUD's motion to dismiss (ECF No. 20) is **GRANTED**. Le Gros' motion for additional time under Federal Rule of Civil Procedure 4(i)(4) (ECF No. 26) is **DENIED** as futile. Le Gros' claims against HUD are hereby dismissed. The Clerk is directed to set this matter on the Court's calendar for a Rule 16(b) conference forthwith.

**SO ORDERED** this  11th  day of October, 2016.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court